WELLES v. CHICAGO & N. W. RY. CO.

(Circuit Court of Appeals, Second Circuit. January 11, 1910.)

No. 31.

RAILROADS (§ 153*) — BONDS — OPTION TO EXCHANGE FOR STOCK — RIGHTS OF HOLDER.

A provision of bonds issued by a railroad company, giving the holder an option to exchange the same at par for common stock of the company "at any time within ten days after the date fixed for the payment of any dividend upon its common stock," is to be strictly construed, and a holder who did not elect to exchange his bonds while dividends were being declared and paid is not entitled to do so after they have ceased, by reason of the absorption of the company by another, by purchasing and retiring all of its stock and taking a conveyance of all of its property, as authorized by a statute of the state in force when the bonds were issued.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 153.*]

Appeal from the Circuit Court of the United States for the Eastern District of New York.

Suit in equity by Benjamin Welles against the Chicago & Northwestern Railway Company. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 163 Fed. 330.

This cause comes here on appeal from a decree of the Circuit Court, Eastern District of New York dismissing complainant's bill. The action was brought against defendant for the specific performance of the terms of certain debenture bonds, negotiable in form, made by the Milwaukee, Lake Shore & Western Railway Company, the obligation of which, it is claimed by complainant, was expressly assumed by the defendant, and to the benefit of which complainant claims to be entitled.

Wm. Woodward Baldwin, for appellant. ,

Edward M. Hyzer and Wallace Macfarlane, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. The bonds are dated February 1, 1887, and are in the usual form of such obligations; each bond promising to pay $1,000 in gold coin on February 1, 1907, with interest thereon at 5 per cent., payable February and August. Each bond also contains the following stipulation:

"Said railway company agrees to transfer to the bearer, at his option, ten shares, of one hundred dollars each, of its common capital stock, at any time within ten days after the date fixed for the payment of any dividend upon its common stock, upon delivery to it in the city of New York of this bond and all unmatured coupons thereon in exchange for said stock, and thereupon this bond shall be canceled."

Each is indorsed:

"Five per cent. 20-year, convertible debenture of 1907."

The bonds in suit were bought by complainant's father in 1888, 1889, and 1890, and passed to himself on distribution of his father's estate. How many dividends were paid by the Milwaukee road subsequent to 1887 does not seem to appear; but it is conceded that the last dividend of 7 per cent. upon its common stock was declared on January 13, 1891, and February 16, 1891, was fixed for its payment. Subsequently the defendant company succeeded in effecting an exchange of its own stock for stock of the Milwaukee Company, and thus on August 19, 1893, had become the sole stockholder of the latter company. On the last-named date the Milwaukee Company issued its deed of conveyance and assignment, conveying all its railroad property and franchise and all stocks, bonds, and property of every description to the Chicago & Northwestern Company. In consideration therefor the latter company, among other things, assumed all the debts, liabilities, and obligations of the Milwaukee Company. It took possession of the property, and has since operated it as an integral part of its own railway, designated as the Ashland Division.

No question is raised as to the liability of the defendant to pay these bonds when they fell due; but two years before that date, in February, 1905, complainant presented his bonds to defendant company and demanded that the same be converted into common stock of the Milwaukee Company, or, if defendant could not comply in Milwaukee stock, that it convert into its own. Multitudinous questions have been raised and argued, which the majority of the court think it unnecessary to discuss. Many of them will be found set forth in Lisman v. Milwaukee, Lake Shore & West. Ry. (C. C.) 161 Fed. 472, a case affirmed without opinion in 170 Fed. 1020, 95 C. C. A. 671, certiorari refused 214 U. S. 520, 29 Sup. Ct. 700, 53 L. Ed. 1065. We prefer to place our decision on the language of the contract itself. Complainant did not declare his option to convert bonds into stock at any time within 10 days after the date fixed for the payment of any dividend, and, as has been seen, the only transfer provided for was one to be made within 10 days after the date fixed for the payment of any dividend upon the common stock. We find nothing obscure or ambiguous about that part of the contract (quoted above), and there is no other clause in it providing for any transfer. We concur with the conclusion, reached in the case above cited, that "the obligation (to transfer)

did not accrue until and unless a dividend was declared," and that "the contract, with all its limitations and conditions, remains the same after assumption as before." Certainly the Milwaukee road did not obligate itself to declare dividends at any particular time, and we are not persuaded that the subsequent transactions by which it was absorbed by the defendant are to be taken as the equivalent of a dividend declaration, in the absence of any averment or proof of any improper methods or any fraudulent intent. We see nothing harsh or inequitable in construing the contract in conformity to its express language, especially when, as so construed, complainant or his predecessor has had certainly one and probably more opportunities to effect a conversion, but has elected not to avail of them. ·

The decree is affirmed.